USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 12-16-2019

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - x
                                    :
UNITED STATES OF AMERICA            :   AMENDED CONSENT
                                    :   PRELIMINARY ORDER OF
           - v. -                   :   FORFEITURE AS TO SPECIFIC
                                    :   PROPERTY/
DEEYAZEN ABDULLA,                   :   MONEY JUDGMENT
                                    :
                 Defendant.         :   S1 19 Cr. 566 (LTS)
                                    :
- - - - - - - - - - - - - - - - - x
```

WHEREAS, on or about September 19, 2019, DEEYAZEN ABDULLA, (the "defendant"), was charged in a one-count Information, S1 19 Cr. 566 (LTS) (the "Information"), with conspiracy to distribute and possess with the intent to distribute a controlled substance, in violation of Title 21, United States Code, Sections 846, 841(b)(1)(B), 841(b)(1)(C), and 841(b)(1)(D) (Count One);

WHEREAS, the Information included a forfeiture allegation as to Count One, seeking forfeiture to the United States, pursuant to Title 21, United States Code, Section 853, of any and all property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of the offense charged in Count One of the Information and any and all property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the offense charged in Count One of the Information, including but not limited to a sum of money in United States currency representing the amount

of proceeds traceable to the commission of the offense charged in Count One of the Information that the defendant personally obtained;

WHEREAS, on or about September 19, 2019, the defendant pled guilty to Count One of the Information and admitted the forfeiture allegation with respect to Count One of the Information, pursuant to a plea agreement with the Government, wherein the defendant agreed to forfeit to the United States, pursuant to Title 21, United States Code, Section 853, a sum of money equal to $37,820 in United States currency, representing the amount of proceeds traceable to the offense charged in Count One of the Information that the defendant personally obtained;

WHEREAS, on or about June 5, 2019, the Government seized the following from the defendant at the time of arrest: $111,408 in United States currency, seized from 2255 Grand Concourse Street, Bronx, NY (the "Subject Currency");

WHEREAS, the Government has determined that $37,820 of the Subject Currency constitutes property traceable to the offense charged in Count One of the Information (the "Specific Property");

WHEREAS, the Government will not seek the forfeiture of any amount exceeding the Subject Currency, specifically $73,588 in United States currency (the "Remainder Currency");

WHEREAS, the defendant consents to the entry of a money judgment in the amount of $37,820 in United States currency representing the amount of proceeds traceable to the offense charged in Count One of the Indictment that the defendant personally obtained;

WHEREAS, the defendant further consents to the forfeiture of all of his right, title and interest in the Specific Property, as proceeds traceable to the offense charged in Count One of the Indictment;

WHEREAS, the defendant admits that, as a result of acts and/or omissions of the defendant, the proceeds traceable to the offense charged in Count One of the Indictment cannot be located upon the exercise of due diligence, with the exception of the Specific Property; and

IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by its attorney Geoffrey S. Berman, United States Attorney, Assistant United States Attorney Thane Rehn, of counsel, and the defendant, and his counsel, Richard Barton, Esq. that:

1. As a result of the offense charged in Count One of the Information, to which the defendant pled guilty, a money judgment in the amount of $37,820 in United States currency (the "Money Judgment"), representing the amount of proceeds traceable

3

to the offense charged in Count One of the Information that the defendant personally obtained, shall be entered against the defendant.

2. As a result of the offense charged in Count One of the Indictment, to which the defendant pled guilty, all of the defendant's right, title and interest in the Specific Property is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853.

3. The Government shall not seek the forfeiture of the Remainder Currency.

4. The United States Customs and Border Protection, or its designee, shall return the Remainder Currency to the Defendant, in a manner consistent with the ACH Form to be completed by the defendant's counsel.

5. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Amended Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment is final as to the defendant, DEEYAZEN ABDULLA, and shall be deemed part of the sentence of the defendant, and shall be included in the judgment of conviction therewith.

6. All payments on the outstanding Money Judgment shall be made by postal money order, bank or certified check,

made payable to the "United States Customs and Border Protection," and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Money Laundering and Transnational Criminal Enterprises Unit, One St. Andrew's Plaza, New York, New York 10007 and shall indicate the defendant's name and case number.

7. The United States Department of Treasury, or its designee, is authorized to deposit the payments on the Money Judgment in the Treasury Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

8. Upon entry of this Amended Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment, the United States (or its designee) is hereby authorized to take possession of the Specific Property and to hold such property in its secure custody and control.

9. Pursuant to Title 21, United States Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions, the United States is permitted to publish forfeiture notices on the government internet site, www.forfeiture.gov. This site incorporates the forfeiture notices that have been traditionally published in newspapers.

The United States forthwith shall publish the internet ad for at least thirty (30) consecutive days. Any person, other than the Defendant, claiming interest in the Specific Property must file a Petition within sixty (60) days from the first day of publication of the Notice on this official government internet web site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier.

      10. The published notice of forfeiture shall state that the petition (i) shall be for a hearing to adjudicate the validity of the petitioner's charged interest in the Specific Property, (ii) shall be signed by the petitioner under penalty of perjury, and (iii) shall set forth the nature and extent of the petitioner's right, title or interest in the Specific Property, the time and circumstances of the petitioner's acquisition of the right, title and interest in the Specific Property, any additional facts supporting the petitioner's claim, and the relief sought, pursuant to Title 21, United States Code, Section 853(n).

      11. Pursuant to 32.2 (b)(6)(A) of the Federal Rules of Criminal Procedure, the Government shall send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

12. Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Specific Property pursuant to Title 21, United States Code, Section 853(n), in which all interests will be addressed. All Specific Property forfeited to the United States under a Final Order of Forfeiture shall be applied towards the satisfaction of the Money Judgment.

13. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

14. The Court shall retain jurisdiction to enforce this Amended Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

15. The Clerk of the Court shall forward three certified copies of this Amended Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment to Assistant United States Attorney Alexander J. Wilson, Co-Chief of the Money Laundering and Transnational Criminal Enterprises Unit,

United States Attorney's Office, One St. Andrew's Plaza, New York, New York 10007.

    16. The signature page of this Amended Consent Preliminary Order of Forfeiture may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument.

AGREED AND CONSENTED TO:

GEOFFREY S. BERMAN
United States Attorney for the
Southern District of New York

By: _____/s/ Thane Rehn_____        12/6/2019
    THANE REHN                               DATE
    Assistant United States Attorney
    One St. Andrew's Plaza
    New York, NY 10007
    (212) 637-2354

DEEYAZEN ABDULLA

By: _____        _____
    DEEYAZEN ABDULLA                   DATE


By: _____        _____
    RICHARD BARTON, ESQ.             DATE
    Attorney for Defendant
    3604 Broadway
    New York, NY 10025

SO ORDERED:


_____        _____
HONORABLE LAURA TAYLOR SWAIN     DATE
UNITED STATES DISTRICT JUDGE

United States Attorney's Office, One St. Andrew's Plaza, New York, New York 10007.

16. The signature page of this Amended Consent Preliminary Order of Forfeiture may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument.

AGREED AND CONSENTED TO:

GEOFFREY S. BERMAN
United States Attorney for the
Southern District of New York

By: _____            _____
    THANE REHN                                  DATE
    Assistant United States Attorney
    One St. Andrew's Plaza
    New York, NY 10007
    (212) 637-2354

DEEYAZEN ABDULLA

By: _____            12/5/2019
    DEEYAZEN ABDULLA                            DATE

By: _____            12/5/2019
    RICHARD BARTON, ESQ.                        DATE
    Attorney for Defendant
    3604 Broadway
    New York, NY 10025

SO ORDERED:

_____                 12/6/2019
HONORABLE LAURA TAYLOR SWAIN                    DATE
UNITED STATES DISTRICT JUDGE

8